On appellant's petition for reconsideration filed February 23, reconsideration allowed; original opinion modified and adhered to as modified April 21, petition for review denied September 28, 1999 (329 Or 357)

Douglas J. AXEN
and Sandra Axen,
*Respondents,*

*v.*

AMERICAN HOME PRODUCTS CORPORATION,
through its pharmaceutical division,
Wyeth-Ayerst Laboratories,
*Appellants,*

STATE OF OREGON
and Wal-Mart Stores, Inc.,
*Defendants.*

(9509-6363; CA A97249)

981 P2d 340

Karen O'Kasey, Margaret Hoffman, Schwabe, Williamson & Wyatt, John W. Vardaman, John G. Kester, Robert J. Shaughnessy and Williams & Connolly for the petition.

John Paul Graff, Jeffrey B. Wihtol and Graff & O'Neil, *contra*.

Before Edmonds, Presiding Judge, and Armstrong and Kistler,* Judges.

ARMSTRONG, J.

---

* Kistler, J., *vice* Warren, P. J., retired.

**ARMSTRONG, J.**

Defendant American Home Products (AHP) seeks reconsideration of our decision in *Axen v. American Home Products Corp.*, 158 Or App 292, 974 P2d 224 (1999). AHP contends, *inter alia*, that we erred in stating that its objections to the admission of certain pharmaceutical industry newsletters that discussed AHP's problems with the federal Food and Drug Administration (FDA) over AHP's promotion of the drug Cordarone were not reasserted on appeal. AHP further contends that we were incorrect to assume that a punitive damage award that did not violate the Fourteenth Amendment's guarantee of due process could not violate the Eighth Amendment's prohibition of excessive fines. We grant reconsideration as to those issues and adhere to our original opinion as modified herein.

At trial, plaintiffs offered two pharmaceutical industry newsletters that contained reports of correspondence between the FDA and AHP about AHP's promotion of Cordarone, the medication that was prescribed to plaintiff Douglas Axen and that caused his loss of vision. Plaintiff offered the newsletters as evidence that AHP had notice that the FDA disapproved of AHP's marketing of Cordarone. The newsletters were offered as evidence of liability, along with a press release from Senator Edward Kennedy. *See Axen*, 158 Or App at 302 n 7. AHP objected to the newsletters, contending that (1) they were merely cumulative of the FDA letters; (2) their prejudicial effect outweighed their probative value in light of the admission of the FDA letters; and (3) they were hearsay. The court overruled those objections.

On appeal, AHP argued that the trial court erred when it "improperly allowed the jury to consider an inflammatory press release and accusations of misconduct unrelated to the injury." In an introductory sentence to its first assignment of error, AHP referred to the newsletters by their exhibit numbers only, in conjunction with a list of exhibit numbers that appeared in the court ruling to which AHP objected. The other exhibit numbers were those of the press release and an AHP internal memorandum referring to the press release. AHP did not, however, specifically identify the

newsletters as a subject of the appeal. It referred to documents "related" to the press release, but the newsletters bore no relation to that release, which they predated. Moreover, at no point in either its opening or reply briefs did AHP make any argument whatsoever about the newsletters. Indeed, plaintiffs pointed out in their brief that AHP had *not* reasserted its objections to the newsletters on appeal and AHP did not challenge that assertion in its reply brief. The entirety of AHP's first assignment of error is devoted to a discussion of the press release and the FDA letters.

■ The mere fact that the exhibit numbers for the newsletters were included in a ruling about which AHP complained on appeal is insufficient for us to consider the objection to those newsletters on appeal. It is not unusual for a party to assert error on appeal to only a portion of a ruling, and, without further specificity from an appellant, we cannot assume that an argument made on appeal about one exhibit was intended to cover all exhibits. The ruling in question also dealt with the press release, which AHP discussed in great detail. Because AHP's appeal contained a great deal of information about the press release and about the FDA letters and, apart from the passing reference to the exhibit numbers, nothing whatsoever about the newsletters, it is reasonable to conclude that AHP challenged only the admission of the press release and the FDA letters. While it is true that the newsletters contained much the same information as the FDA letters, we cannot assume that AHP's arguments about the FDA letters were intended to apply to the newsletters as well. AHP did not make any statement that could be interpreted as conveying that intention. Accordingly, we adhere to our conclusion that, on appeal, AHP failed to reassert its objection to the newsletters.[1]

---

[1] Furthermore, the objections that AHP made at trial to the admission of the newsletters differ from the arguments that it made at trial and on appeal about the FDA letters. Those differences bolster our conclusion that AHP did not challenge the admission of the newsletters on appeal, because its appellate arguments did not address the objections that it had made below to those newsletters.

Such differences led us to conclude that the objections that AHP raised on appeal to the admission of the Kennedy press release were unpreserved at trial and would lead us to the same conclusion with regard to the newsletters, if we were to conclude that AHP *had* challenged their admission on appeal.

■ The second issue we address on reconsideration is whether we erred in failing to address AHP's Eighth Amendment challenge to the punitive damage award. AHP contended that the fact that the state is entitled under ORS 18.540 to a portion of the punitive damage award requires the court to determine whether the award violates the Eighth Amendment's prohibition against excessive fines. In our original opinion, we disposed of that assignment of error in a footnote, stating that our treatment of AHP's due process argument necessarily subsumed any excessive fine argument. On reconsideration, we conclude that it was error to do that because the issues are analytically distinct. The result of our original opinion is not changed, however, because, as plaintiffs point out, we addressed the effect of the Eighth Amendment on the interplay of a punitive damage award and ORS 18.540 in *Tenold v. Weyerhaeuser Co.*, 127 Or App 511, 873 P2d 413 (1994), and concluded that it did not apply to a civil case in which the government has no *prosecutorial* role. We reasoned that, because the State of Oregon had no role in initiating or prosecuting the action, there was no opportunity for governmental abuse of its prosecutorial power and, therefore, no Eighth Amendment violation. We see no need to revisit *Tenold* at this time.[2]

Reconsideration allowed; original opinion modified and adhered to as modified.

---

[2] AHP argues that *Tenold* was incorrectly decided because it did not discuss the United States Supreme Court decisions in a number of cases involving civil forfeitures. In each of those cases, however, the federal or state government was directly involved in the initiation and prosecution of the action. Accordingly, the reasoning in *Tenold* is not in conflict with those decisions.